UNITED STATES of America,
Plaintiff—Appellee,

v.

Pedro MARISCAL–FIGUEROA,
Defendant—Appellant.

No. 01–50709.

D.C. CR–01–00444–GT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Oct. 17, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER, District Judge.*

MEMORANDUM**

As Appellant Mariscal–Figueroa fails to demonstrate that his prior deportations would have resulted in an "extreme hardship" to his citizen wife and children—if the issue of his eligibility for relief from deportation was properly raised by the Immigration Judge—he is unable to show prejudice arising from the alleged due process violation he claims invalidates the deportations which underpin his conviction for being a deported alien found in the United States, 8 U.S.C. § 1326. Accordingly we affirm the judgment of conviction.

In a criminal prosecution under § 1326, "the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000) (quoting *United States v. Zarate–Martinez*, 133 F.3d 1194, 1197 (9th Cir.1998)). If the deportation proceeding failed to provide this opportunity, the validity of the deportation may be collaterally attacked in the § 1326 criminal proceeding. *Id.* In order to succeed in the collateral attack, the deportee must demonstrate that (1) his

due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Id.*

To show prejudice, the alien need not show that he actually would have been granted relief under § 212(h), only that he had a plausible ground for relief from deportation. *Arrieta*, 224 F.3d at 1079 (citing *United States v. Arce–Hernandez*, 163 F.3d 559, 563 (9th Cir.1998)). In *Arce–Hernandez*, we held that economic hardship and the difficulty of relocating are typical of the kind of hardships normally encountered when an alien with a citizen family is deported and do not, as a matter of law, constitute extreme hardship. 163 F.3d at 564. Rather, a showing of "extreme hardship" requires " 'great actual or prospective injury' or 'extreme impact' on the citizen family member, beyond the 'common results of deportation.' " *Id.* (citing *Shooshtary v. INS*, 39 F.3d 1049, 1051 (9th Cir.1994)). In *Arrieta*, we explained further that such

> economic hardship caused by the deportation of a family's primary bread-winner, combined with the difficulties of relocating, do not, standing alone, constitute the extreme hardship necessary to justify relief. Under that case, something more is required to remove the case from the "typical" hardship category.

224 F.3d at 1082.

One year after *Arrieta*, we decided *United States v. Muro–Inclan*, 249 F.3d 1180 (9th Cir.2001). The only evidence Muro–Inclan presented on the issue of prejudice was a brief, generalized declaration from his wife, claiming to need his

* Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

help to raise their children. We found this insufficient since Muro–Inclan had been incarcerated for 10 of the last 13 years prior to his deportation, during which his wife presumably raised their children without his help. We held

> As in *Arce–Hernandez,* Muro–Inclan has demonstrated only those hardships that inevitably result from the deportation of a non-citizen relative who has acquired a citizen family. His family may well suffer hardships as a result of his deportation, "but we cannot say, as a matter of law, that these hardships would be extreme and beyond the common results of the deportation of a convict." *Arce–Hernandez,* 163 F.3d at 564. Like Arce–Hernandez, then, Muro–Inclan "has failed to tender a plausible case that he is eligible for a waiver under 212(h)."

*Muro–Inclan,* 249 F.3d at 1185.

Mariscal–Figueroa has likewise failed to demonstrate extreme hardship. He attempted to meet his burden through the declaration of his common-law, later ceremonial, citizen-wife Teresa Garcia, demonstrating his fatherly support for her children from a prior relationship and the two children of their marriage. Her averments, however, are the same type of brief, generalized declarations of hardship showing only the "common results of deportation," i.e. the inability to participate in a fatherly role in the children's lives, which we found inadequate in *Muro–Inclan.* The record also shows that on August 2, 1994, Mariscal–Figueroa was convicted of misdemeanor battery on Teresa; on December 23, 1994 he was convicted of felony infliction of corporal injury on a spouse. He later violated his probation and restraining order to stay away from Teresa. At the time of his 1997 deportation, they were apparently still legally married although no longer co-habitating.

As there is nothing "extra" asserted here beyond the "fatherly role" factor we found insufficient in *Muro–Inclan,* and given Mariscal–Figueroa's past criminal record of spousal assault, he has failed to demonstrate that his deportation was an extreme hardship beyond the norm created by the average deportation case. Having failed to demonstrate extreme hardship, Mariscal–Figueroa cannot support a due process claim. Without extreme hardship, he cannot show plausibility. Without plausibility, he cannot show prejudice from the defect in his deportation proceeding. Without prejudice, he cannot demonstrate an actual due process violation. Without a due process violation, his failure to exhaust his administrative remedies bars his ability to collaterally attack his deportation, resulting in a valid conviction under 8 U.S.C. § 1326.

AFFIRMED.